MHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WYNDHAM HOTEL MANAGEMENT, INC.,<br>    Plaintiff,<br><br>v.<br><br>EUGENE DIBBLE IV, NASSER TASOOJI,<br>AND LANGDON D. NEAL,<br>    Defendants. | No. 09 C 7235<br><br>The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

Wyndham Hotel Management, Inc. (Wyndham) sued Eugene Dibble IV, Nasser Tasooji, and Langdon Neal (Defendants) for breach of contract and unjust enrichment. Wyndham alleges that the Defendants defaulted on a note issued and held by Wyndham for which the Defendants served as Co-Makers. The Defendants argue that Wyndham has failed to name an essential party to the dispute — Glenview Hotel Partners, LLC (GHP), who was the Maker of the Note. Defendants ask the Court to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) and in the alternative request that the Court join GHP pursuant to Fed. R. Civ. P. 19(a).

In January 2007, Wyndham and GHP agreed to a Hotel Management Agreement regarding the management and operation of the Wyndham Glenview Suites Hotel. Pursuant to the Management Agreement, GHP would own the hotel property, while Wyndham would manage it. The Management Agreement contained a clause regarding the financing of the hotel. In that clause, Wyndham agreed to provide $1,750,000 as a key money loan to finance construction costs not funded by GHP's equity or other financing.

1

Pursuant to this term of the Management Agreement, Wyndham and GHP executed a Development Incentive Note. The Note provided that the $1,750,000 principal "shall bear no interest unless Maker defaults or this Note is accelerated." The Note further provided that upon each anniversary of the property's opening date ten percent of the original principal would be forgiven. The Note provided, however, that if the outstanding principal balance would be payable within 10 days if the Management Agreement terminated "for any reason." Further, any unpaid principal would accrue at 18% per annum if not repaid within that 10 day grace period. The Note specified that the "Maker's obligation to pay this Note shall be absolute and unconditional, and all payments shall be made without setoff, deduction, offset, recoupment or counterclaim."

Although the Note initially referenced GHP as the Maker, it later defined "Maker" to include "co-makers." Dibble, Tasooji, and Neal each signed the Note as Co-Makers. The Glenview Wyndham failed. GHP defaulted on the mortgage and in the foreclosure action, a receiver was appointed. The property was sold to the lender at a sheriff's sale, and GHP's loss of possession resulted in a termination of the Management Agreement. Thus, pursuant to the acceleration clause in the Note, the outstanding principal under the Note, which was $1,400,000, immediately became due. GHP, however, did not pay. Wyndham sued Dibble, Tasooji, and Neal, but not GHP. The Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) and in the alternative request that the Court join GHP pursuant to Fed. R. Civ. P. 19(a).

Rule 19 permits the joinder of materially interested parties to a single lawsuit to protect interested parties and avoid wasting judicial resources. *Askew v. Sheriff of Cook County, Ill.*, 568 F.3d 32, 634 (7th Cir. 2009). Dismissal, however, is not favored under the rules, for it deprives a plaintiff of the choice in forum. *Id.* Thus, courts make a two step inquiry where it first asks whether a missing party is a required party and then considers whether joining that party to the lawsuit is feasible. *Id.* Rule 19(a)(1) defines

2

who is a required party. A required party is one whose absence will prevent the court from providing complete relief among the existing parties or one who claims an interest relating to the subject of the lawsuit and is so situated that disposing of the action in the person's absence may impair or impede that person's ability to protect the interest or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of that interest. Fed. R. Civ. P. 19(a)(1).

The Defendants first argue that GHP is a required party because the Court cannot provide complete relief to the existing parties. Defendants premise this argument on their assertion that GHP is the "real party in interest." Defendants point out that GHP signed the Note and received the proceeds from it. Defendants also point out that the Note issued in connection with the Management Agreement between Wyndham and GHP.

While the facts to which Defendants point may be true, none suggest that the Court cannot provide complete relief on Wyndham's claims against the Defendants. Wyndham alleges that the Defendants were co-Makers on the Note and that they are jointly and severally liable for the obligation under that Note. A victim of wrongdoing is not required to sue all of the wrongdoers. *Rhone-Poulenc, Inc. v. Int'l Ins. Co.*, 71 F.3d 1299, 1301 (7th Cir. 1995). This is true whether the wrongdoing sounds in tort or in contract. *Id.*; *see also Microcomputer Workshops Corp. v. Mindscape, Inc.*, No. 89 C 2188, 1989 WL 106684, at * 3 (N.D. Ill. Sep. 14, 1989) (joint obligors are not indispensable parties); Wright, Miller & Kane, *Federal Practice & Procedure* § 1613 (3d ed. 2001) (joinder of obligors left to plaintiff's discretion). Wyndham can recover the entirety of its claim from Defendants, and GHP's absence does not prevent this Court from resolving the contract dispute between Wyndham and the Defendants.

The Defendants next argue that GHP is a required party because disposing of the action without its presence will affect GHP's ability to protect its interest. Defendants suggest that a judicial declaration of the validity of the contract will necessarily affect GHP's interest in that contract, citing *United States*

*ex. rel. Hall v. Tribal Dev. Corp.*, 100 F.3d 476, 479 (7th Cir. 1996). *Hall*, however is not relevant here. *Hall* involved a *qui tam* action against a lessor-vendor that would have voided a contract of the absent party. *Hall*, 100 F.3d at 479. This is not a suit to set aside a contract, but one to enforce a contract.

Defendants' argument thus makes little sense. It is difficult to imagine precisely how GHP' interests could be prejudiced by their absence. If Wyndham is successful and recovers its claim against the Defendants, then GHP is off the hook for Wyndham cannot recover its alleged loss twice. On the other hand, if Wyndham loses here and then comes after GHP, GHP might use that judgment to support an offensive collateral estoppel argument.

Instead, it appears that Defendants' primary concern is their desire that Wyndham recover from GHP and not from them. Defendants repeatedly reference the fact that GHP received the benefit of the Note. But the mere fact that another entity received the benefit of the agreement does not alter the fact that they agreed to guarantee the loan when they signed the Note as co-makers. If the Defendants believe that GHP should indemnify them or would be liable in the form of contribution to them, then they can implead GHP by way of Fed. R. Civ. P. 14. *See Pasco Int'l (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496, 503-04 (7th Cir. 1980) (noting that parties that can be impleaded under Rule 14 are not indispensable parties). GHP is not a required party within the meaning of Rule 19 and the Court therefore DENIES Defendants' Motion to Dismiss.

IT IS SO ORDERED.

4/26/10
Dated

Hon. William J. Hibbler
United States District Court

4